

Thomas N. Long, Attorney No. 5-1550
Long Reimer Winegar Beppler LLP
2120 Carey Avenue, Suite 300 *(82001)*
P.O. Box 87
Cheyenne, WY 82003-0087
(307) 635-0710
(307) 635-0413 fax
Email: tlong@lrw-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

Carole Shotwell, Trustee of the Morgan Ann
Keller Trust and the Christopher Azad Keller
Trust, and Linda J. Steiner, Trustee of the Abigail
Elizabeth Lewis Fournier Trust and the Madeline
Jane Lewis Trust, successors in interest
to the DUKES FAMILY TRUST,

    Plaintiffs,

v.   Civil Action No. 16-CV-108-J

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT FOR REFUND OF TAXES

Plaintiffs, Carole Shotwell, Trustee of the Morgan Ann Keller Trust and the Christopher Azad Keller Trust, and Linda J. Steiner, Trustee of the Abigail Elizabeth Lewis Fournier Trust and the Madeline Jane Lewis Trust, successors in interest to the

DUKES FAMILY TRUST, by and through their undersigned counsel, for their Complaint for Refund of Taxes against Defendant United States of America allege as follows:

## I. PARTIES

1. Plaintiffs, Carole Shotwell, Trustee of the Morgan Ann Keller Trust and the Christopher Azad Keller Trust, and Linda J. Steiner, Trustee of the Abigail Elizabeth Lewis Fournier Trust and the Madeline Jane Lewis Trust, are the successors in interest to the Dukes Family Trust (hereinafter "Taxpayer") under agreement dated October 7, 2005. The Taxpayer was an irrevocable trust created under Wyoming law, with its place of administration at 204 E. 22nd Street, Cheyenne, Wyoming, 82001. The Taxpayer's Employer Identification Number (hereinafter "EIN") was XX-XXX9597. The Taxpayer's assets were distributed into the Morgan Ann Keller Trust, Christopher Azad Keller Trust, Abigail Elizabeth Lewis Fournier Trust, and Madeline Jane Lewis Trust (hereinafter "Successor Trusts") and Taxpayer terminated on December 6, 2013. A true and correct copy of the Taxpayer's trust agreement dated October 7, 2005 and the Successor Trusts' Asset and Trusteeship Acceptance Affidavits are attached as Exhibit A and Exhibit B.

2. The Successor Trusts are irrevocable trusts created under Wyoming law. The Morgan Ann Keller Trust and the Christopher Azad Keller Trust have their place of

administration at 820 East Lyons, Laramie, Wyoming 82072 and have EINs of XX-XXX7891 and XX-XXX1999, respectively. The Abigail Elizabeth Lewis Fournier Trust and the Madeline Jane Lewis Trust have their place of administration at 10025 Buck Brush Road, Cheyenne, Wyoming 82009 and have EINs of XX-XXX7852 and XX-XXX1971, respectively. The Plaintiffs are the proper parties in interest in accordance with Rev. Rul. 73-366 for this action seeking refund of money paid by the Taxpayer to the United States Treasury.

3. The Defendant is the United States of America, and is the proper party in interest for this action seeking refund of money paid to the United States Treasury (hereinafter "IRS").

## II. JURISDICTION AND VENUE

4. This is a suit arising under the Internal Revenue Code of 1986 (hereinafter "Code"), asserting claims for refund of taxes erroneously assessed against, collected from, and paid by the Taxpayer.

5. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1340, and 1346(a)(1), and 26 U.S.C. §§ 7402, and 7422.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(e) and 1402 for the reasons that the events or omissions giving rise to Plaintiffs' claims occurred in the

District of Wyoming and the situs of Plaintiffs in their capacities as trustees of the Successor Trusts is in the State of Wyoming.

### III. STATEMENT OF CLAIMS

7. By this reference, paragraphs 1-6 above are fully incorporated as though the same were set forth fully herein.

8. Garo Kevin Keller (hereinafter the "Settlor") executed a trust agreement on October 7, 2005 establishing the Taxpayer. The Settlor's Social Security Number was XXX-XX-8477.

9. From the Taxpayer's inception in 2005 through the 2010 tax year, it reported income as if it was an irrevocable complex trust taxed under Subchapter J of the Code.

10. The Taxpayer timely filed a 2008 fiduciary income tax return Form 1041 pursuant to Code § 6072 with the IRS on April 15, 2009. A true and correct copy of the 2008 fiduciary income tax return (Form 1041) is attached hereto as Exhibit C.

11. The Taxpayer reported taxable trust income of $238,695 on its 2008 Form 1041, resulting in a federal income tax liability of $79,675. The Taxpayer's 2008 estimated tax payments and credits applied from previous tax periods totaled $1,075,000. Consequently, the total payments made to the IRS for the 2008 tax year exceeded the assessed tax of $79,675, which resulted in an overpayment of $995,325. A true and

4

correct copy of the Taxpayer's 2008 Account Transcript provided by the IRS is attached hereto as Exhibit D.

12. The Taxpayer timely filed a 2009 fiduciary income tax return Form 1041 pursuant to Code § 6072 with the IRS on April 15, 2010. A true and correct copy of the 2009 fiduciary income tax return (Form 1041) is attached hereto as Exhibit E.

13. The Taxpayer reported taxable trust income of $867,375 on its 2009 Form 1041, resulting in a federal income tax liability of $273,266. The Taxpayer's 2009 estimated tax payments and credits applied from previous tax periods totaled $88,000, which resulted in a tax deficiency of $185,266. The tax deficiency was paid upon filing the 2009 Form 1041. A true and correct copy of the Taxpayer's 2009 Account Transcript provided by the IRS is attached hereto as Exhibit F.

14. The Taxpayer filed a 2010 fiduciary income tax return Form 1041 pursuant to Code § 6072 with the IRS on October 31, 2011. A true and correct copy of the 2010 fiduciary income tax return (Form 1041) is attached hereto as Exhibit G.

15. The Taxpayer reported taxable trust income of $1,707,881 on its 2010 Form 1041, resulting in a federal income tax liability exclusive of penalties and interest of $596,721. No estimated tax payments or credits were applied from previous tax years. A true and correct copy of the Taxpayer's 2010 Account Transcript provided by the IRS is attached hereto as Exhibit H.

16. The Settlor passed away on February 20, 2011. A true and correct copy of the Settlor's death certificate is attached hereto as Exhibit I.

17. On or about September 2011, counsel hired to administer the Settlor's estate reviewed the Taxpayer's trust agreement dated October 7, 2005. Counsel for the Settlor's estate came to the conclusion that the Settlor should have been treated as the owner of the Taxpayer for federal income tax purposes under the "grantor" trust rules set forth in §§ 671-679 of the Code based on the following:

    a. Article Second on page one of the trust agreement dated October 7, 2005 grants the Settlor the right to receive distributions of income and principal, and specifically states that "[t]he disinterested Trustee shall hold the property to be administered hereunder…for the benefit of the Settlor, Settlor's spouse, Settlor's children and their descendants…"

    b. Code § 677(a)(2) provides that the grantor of a trust will be treated as the owner of the trust for income tax purposes if its income may be held or accumulated for future distribution to the grantor or the grantor's spouse without the consent on an "adverse" party.

    c. Code § 672(a) provides that an "adverse" party is a person who has a substantial beneficial interest in the trust which would be adversely affected by the exercise of a power held by that party.

    d.    The trustee of the Taxpayer from October 7, 2005 through December 4, 2005 was Gene Engrav. The trustee of the Taxpayer from December 5, 2005 through December 6, 2013 was Annie Fiduciary Corporation. A true and correct copy of the Resignation of Trustee and Appointment of Successor Trustee dated December 5, 2005 is attached hereto as Exhibit J.

    e.    Neither Gene Engrav, nor Annie Fiduciary Corporation had a "substantial beneficial interest" in the trust within the meaning of § 672(a) and thus, both were non-adverse parties.

    f.    Therefore, Taxpayer should have been classified as a grantor trust pursuant to § 677(a)(2) of the Code.

18.    Counsel for the Settlor's estate informed the Taxpayer that, based on their interpretation of trust agreement dated October 7, 2005, it had mistakenly reported income and mistakenly paid tax as an irrevocable trust subject to Subchapter J of the Code for the 2005 through 2010 tax years.

19.    In accordance with IRC § 6501(a) and Treas. Reg. § 1.451-1(a), the Taxpayer adopted a plan to amend the 2008, 2009, and 2010 Form 1041s filed with the IRS.

20.    On or about November 7, 2011, the then-serving trustee of the Taxpayer, prepared and filed a 2010 amended fiduciary income tax return in order properly classify

the Taxpayer as a grantor trust for federal income tax purposes. A true and correct copy of the Taxpayer's 2010 amended tax return is attached hereto as Exhibit K.

21.   The IRS acknowledged receipt of this amended return on November 8, 2011 and shortly thereafter, abated the federal tax assessed on, but which was not paid with, the originally filed return. *See* Exhibit H.

22.   On or about February 15, 2012, the then-serving Trustee of the Taxpayer, prepared and filed a 2008 and 2009 amended fiduciary income tax return in order properly classify the Taxpayer as a grantor trust for federal income tax purposes. A true and correct copy of the Taxpayer's 2008 and 2009 amended tax returns are attached hereto as Exhibit L and Exhibit M.

23.   The IRS acknowledged receipt of the 2009 amended return on February 22, 2012 and reports that it has abated the $273,266 of federal tax assessed on the originally filed return. Neither the Taxpayer, nor the Successor Trusts, nor the Settlor, nor the Settlor's estate have ever received payment or credit for the $273,266 of federal tax that was "abated" by the IRS. *See* Exhibit F.

24.   The IRS did not, however, acknowledge receipt of the timely filed 2008 amended fiduciary income tax return on or around February 22, 2012, which included a formal claim for refund of $79,675 of tax assessed and paid by the Taxpayer to the IRS. *See* Exhibit D.

25. The Taxpayer's 2008, 2009, and 2010 amended fiduciary income tax returns were filed within the statute of limitations for refund claims prescribed by Code § 6511(a).

26. Six months have passed from the date each refund claim was timely filed in accordance with Code § 6532(a) and § 7422(a).

27. The assessment and collection of the additional taxes from the Taxpayer for the 2008 and 2009 tax years were erroneous and illegal.

28. Plaintiffs, as successors in interest to the Taxpayer, are entitled to a refund from Defendant for all monies paid to the United States Treasury in the amount of $79,675.00 for the 2008 tax year and $273,266 for the 2009 tax year, totaling $352,941, plus statutory interest thereon, no part of which has been repaid to the Taxpayer or the Plaintiffs.

29. The Plaintiffs are the sole owners of its claims against the Defendant and have made no assignment of said claims.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays:

1. For judgment against the Defendant in the amount of $352,941.00, together with interest, costs, and attorney's fees as provided by law.

2. For a determination that the assessments made against Taxpayer for the 2008 and 2009 tax years are erroneous and illegal.

3. For such other and further relief as the Court may deem appropriate.

DATED:   May 4, 2016

ATTORNEYS FOR PLAINTIFF

Long Reimer Winegar Beppler LLP

By: _____
Thomas N. Long, Attorney No. 5-1550
Long Reimer Winegar Beppler LLP
P.O. Box 87
Cheyenne, WY 82003-0087
(307) 635-0710
(307) 635-0413 fax
tlong@lrw-law.com